IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROBERT & LINDA KAMMER dba KAMMER & KAMMER ENTERPRISES, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO-OWNERS INSURANCE, <br><br> Defendant. | CASE NO. 3:23-cv-200 <br><br> DISTRICT JUDGE MICHAEL J. NEWMAN <br><br> MAGISTRATE JUDGE PETER B. SILVAIN, JR. <br><br> **STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Parties may designate items of discovery or other information produced pursuant to discovery requests, subpoena requests or disclosed to the Parties as being "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER," which designation shall make such items and all copies, prints or other reproductions of such information subject to this Protective Order. Every page of every such document or other tangible item, whether produced in a physical or electronic format, shall be clearly stamped "CONFIDENTIAL" or labeled in some similar fashion to indicate that such material is subject to this Protective Order, in a manner that does not interfere with the document's or item's legibility, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms. Documents or items produced electronically, which are subject to this Protective Order, shall be produced in a non-editable format. Any inadvertent failure to designate a document confidential pursuant to this Protective Order may be remedied by producing the same document and marking the document with the appropriate designation or taking any other steps to designate the information as confidential. Under no circumstances shall the

inadvertent failure to designate a document as confidential constitute a waiver of the attorney-client privilege or work-product confidentiality.

2. Parties shall designate as being confidential under the Protective Order only such documents and materials which it has determined in good faith to constitute or contain a trade secret or other confidential and/or commercial information.

3. Information and documents subject to this Protective Order may be disclosed only to: (a) a Party in this litigation; (b) attorneys for a Party in this litigation, other attorneys affiliated with that firm, and their paralegal and clerical staffs; (c) experts retained on behalf of a party or parties; (d) court reporters and witnesses for use at depositions; (e) the fact finder in this litigation, including jurors, court reporters, stenographic reporters and court personnel if filed pursuant to paragraph 5 of this Protective Order; (f) the parties and/or their officers, directors, employees, representatives or insurers solely for the purpose of prosecution or defense of this action and not for any other purpose; and (g) to persons mandated by a Court ordered subpoena. Disclosure shall be made to such persons only as necessary for the prosecution and defense of this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Protective Order and, by executing an Acknowledgement, attached as Exhibit A, and has agreed to be bound by it. Designated information shall not be disclosed to any person or in any manner not specified in this Protective Order or used for any purpose other than the prosecution of this lawsuit.

4. These documents shall not be shown or otherwise divulged, and the fact of the existence thereof shall not be disclosed, to any entity or person except for those disclosed in Paragraph 3.

5. The Parties and all other persons identified in Paragraph 3 who receive any information designated as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" shall act to preserve the confidentiality of the designated information as outlined herein by

maintaining the information in a secure and safe area and exercising due and proper care with respect to the storage, security, custody and use of all such information. In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons. When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

6. In the event that any of the Parties disagree with the propriety of another Party's designation of any item or items as being confidential under this Protective Order, the disagreeing Party shall serve a written notice upon counsel for that Party specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, any Party may then file a motion seeking Court adjudication of the propriety of the designation. Any such item or items shall continue to be treated as confidential and subject to this Protective Order until such time as the Court rules upon the motion.

7. If any Party wishes to modify this Protective Order, the Parties shall first request such modification from each other, and if no satisfactory agreement is reached, any Party may petition the Court for modification at any time prior to termination of this lawsuit. Until modification is granted by agreement or order, the terms of this Protective Order will govern. This Protective Order will not restrict the use of the information and materials covered by this Order at trial or other hearing before the Court except as specifically provided by any order(s) in limine or other order from the Court directly addressing such issue. However, all Parties must take reasonable steps to protect and not publicly disclose information or documents that are protected by this Protective Order and should consult with the Court regarding this issue before disclosing protected information or documents at hearing, in a filing, or in any other public manner related to this litigation.

8. This Protective Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

9. This Protective Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

10. Within thirty (30) days of the termination of this lawsuit, by judgment, settlement or otherwise, counsel for each Party shall either: (1) return to the producing Party, through its counsel of record, all documents and information subject to this Protective Order, including all copies, prints, recordings, discs, negatives or summaries thereof, and other reproductions of such information, in the possession of the Parties, their counsel and staff, and their retained experts; or (2) destroy such documents and, upon request, provide certification thereof. Counsel for each Party will certify in writing by execution of this agreement that this Protective Order will be complied with. Counsel for each Party will also execute a separate affidavit affirming that all documents and information subject to this Protective Order were returned to the producing Party and/or destroyed, and will produce said executed affidavits to Auto-Owners Insurance Company. Each retained expert will also certify in writing that this Protective Order has been complied with in the form of the Acknowledgement attached hereto as Exhibit A.

11. Whenever a deposition in this litigation involves the disclosure of confidential or privileged information, the deposition or portions thereof shall be designated as confidential and subject to the protective order. Such designation shall be made on the record during the deposition when possible, but a party may designate portions of deposition(s) as confidential after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. The trial testimony of any Auto-Owners Insurance Company associate or representative that includes sensitive corporate information or trade secrets is subject to this protective order and grants Auto-Owners Insurance Company the authority to seal the trial transcript to bar dissemination of such trial testimony, but Auto-Owners Insurance Company

must exercise this power within thirty (30) days of the jury verdict or bench order or its right to seal the trial transcript is waived.

    13. Pursuant to the Evid. R. 501 and Ohio Revised Code Section 2317.02, the production or disclosure by Auto-Owners Insurance Company of an attorney-client privileged, attorney work product privileged or other protected document or information, whether inadvertent or otherwise, as part of this litigation, shall not be deemed a waiver of the privilege, work product privilege or other protection or immunity from discovery by Auto-Owners Insurance Company in this or any subsequent state or federal proceeding, pursuant to Evid. R. 501 and R.C. § 2317.02, regardless of the circumstances of disclosure. If any Party becomes aware of the production or disclosure of such protected information by Auto-Owners Insurance Company, that Party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

    14. The obligations of this Protective Order shall survive the termination of the litigation and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order.

    **IT IS SO ORDERED.**

March 12, 2024                                      *s/Peter B. Silvain, Jr.*
                                                          **Peter B. Silvain, Jr.**
                                                          United States Magistrate Judge

**WE SO STIPULATE
and agree to abide by
the terms of this Order**

/s/ Nicholas A. Panagopoulos II          /s/Chad A. Schmitt
Nicholas A. Panagopoulos II (0071406)    Chad A. Schmitt (0095355)
*Attorney for Plaintiff*                         *Attorney for Defendant*

                                                Date:  March 7, 2024